

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

July 19, 2018

**BY ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Jonathan Rodriguez*, S12 15 Cr. 445 (PAE)

Dear Judge Engelmayer:

      The defendant in this case, Jonathan Rodriguez, is scheduled to be sentenced on July 25, 2018, having pleaded guilty, pursuant to a plea agreement, to (1) a firearms charge connected to his participation in the murder of Brandon Howard, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i); and (2) a firearms charge connected to a racketeering conspiracy involving 18 Park and a drug trafficking crime involving the distribution of heroin, cocaine base, cocaine, and marijuana, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and (iii), and 2. The Government respectfully submits this letter in advance of the sentencing and in response to the defendant's pre-sentence submission.

      In the plea agreement, the parties stipulated that the Guidelines sentence for Counts One and Two together is 30 years' imprisonment (the "Stipulated Guidelines Sentence"), which is the mandatory minimum required by statute. In its Presentence Investigation report ("PSR"), dated October 31, 2017, the Probation Department agrees that the Guidelines range is the sentence prescribed by statute, namely 30 years' imprisonment. PSR ¶ 119. Probation recommends a sentence of 30 years' imprisonment.[1]

      For the reasons explained in this letter, the Government believes the Stipulated Guidelines Sentence is appropriate in this case.

---

[1] In connection with his drug dealing in upstate New York, on December 2, 2015, Rodriguez was charged by the Northern District of New York with a narcotics conspiracy involving the distribution of heroin and cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B). Rodriguez pled guilty and was sentenced on January 30, 2018 to 60 months' imprisonment. As part of his plea agreement, Rodriguez agreed that his sentence would be served consecutively to his sentence in the instant case.

Honorable Paul A. Engelmayer
July 19, 2018
Page 2 of 5

## **BACKGROUND**

As described in the PSR, the Indictment in this case charged twenty-six members and associates of the violent street gang known as "18 Park" with participation in racketeering, narcotics, and firearms offenses between in or about 2006 and July 2016. The PSR articulates in detail the operations of the 18 Park gang. As the PSR explains, 18 Park was a highly territorial street gang that operated primarily in the vicinity of the Patterson Houses in the South Bronx. (PSR at ¶ 8.) 18 Park members used this territory as a place to sell drugs, turning the area in and around the Patterson Houses into an open-air drug market. (*Id.*)

Rodriguez was one of the leaders of 18 Park. (PSR at ¶ 47.) 18 Park members protected the gang's territory, and asserted its superiority to other gangs in the neighborhood, by carrying and using firearms. Some 18 Park members committed acts of violence in connection with the gang's objectives of protecting its territory and asserting its superiority. Those acts of violence included assaults, shootings, and murders.

In connection with his membership in 18 Park, Rodriguez murdered Brandon Howard, who was 19 years old at the time. Specifically, on September 28, 2008, 18 Park members Daquan McBeth and Jason Benjamin attended a party and observed that Brandon Howard was present at the party. McBeth and Benjamin then left the party and reported to other 18 Park members, including Rodriguez, that Howard was at the party, since at the time, 18 Park members had a "beef" with Howard. Rodriguez and other 18 Park members then went to the apartment building where the party was being held. Upon entering the apartment, Rodriguez pointed at Howard and summoned him out into the hallway. Rodriguez then pulled out a gun and shot at Howard multiple times. Howard suffered seven gunshot wounds and was pronounced dead upon arrival to the hospital.

The violence did not end there. In addition to the murder of Brandon Howard, on July 20, 2012, Rodriguez participated with others in 18 Park in stabbing and beating up a rival gang member at a barbershop. (PSR ¶ 44.) The victim survived, but had to be treated for stab wounds at a hospital. (*Id.*) In addition, in October 2015, Rodriguez shot a rival drug dealer in the leg in front of the deli on "Spanish Block." (PSR ¶ 45.)

Rodriguez also worked with others in 18 Park to sell heroin, crack cocaine, and cocaine. He also worked with others in 18 Park to sell heroin and cocaine in Massena, New York.

## ARGUMENT

### A. Applicable Law

The Guidelines still provide strong guidance to the Court in light of *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Although *Booker* held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. at 264. As the Supreme Court has stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range"—that "should be the starting point and the initial benchmark." *Gall* v. *United States*, 55 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the four legitimate purposes of sentencing, *see id.* § 3553(a)(2); "the kinds of sentences available," *id.* § 3553(a)(3); the Guidelines range itself, *see id.* § 3553(a)(4); any relevant policy statement by the Sentencing Commission, *see id*. § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," *id.* § 3553(a)(6); and "the need to provide restitution to any victims," *id.* § 3553(a)(7).

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within the Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that the district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6. Their relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 551 U.S. 338, 348 (2007),

and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46; *Rita*, 551 U.S. at 349. To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50.

### B. Discussion

A sentence of at least 30 years' imprisonment is mandatory in this case, and that sentence must be served consecutively to the 60-month sentence recently imposed by a court in the Northern District of New York. But even if it were not, the Stipulated Guidelines Sentence of 30 years would be reasonable here, under the factors set forth in 18 U.S.C. § 3553.

The Stipulated Guidelines Sentence is warranted given the seriousness of the offense. 18 U.S.C. § 3553(a)(2)(A). Rodriguez was one of the leaders of 18 Park, a violent street gang. As the Court is aware from presiding over two trials in this case, shootings were commonplace between 18 Park and rival gangs, particularly the YGz, and those shootings did tremendous damage to the South Bronx community. As one of the leaders of 18 Park, Rodriguez played a critical role in furthering and condoning that violence.

Most importantly, Rodriguez murdered Brandon Howard in cold blood. The murder was ruthless: Rodriguez summoned Howard out from a party and then almost immediately shot him seven times. The murder of Brandon Howard represents the nadir of the incredible damage that 18 Park inflicted on the neighborhood in which it operated, and in this case on one of the families in that neighborhood. A sentence of 30 years' imprisonment, to run consecutively to the 5-year sentence that was imposed on Rodriguez in the Northern District of New York, for an effective total of 35 years' imprisonment, is absolutely necessary to reflect the awful severity of the crime.

Significantly, Rodriguez's senseless murder of Brandon Howard was not Rodriguez's only brush with violence. The horrific consequence of his shooting did not stop him from committing additional attacks. After the murder, Rodriguez was involved in a gang assault that left an individual hospitalized, and he shot a rival drug dealer in the leg. Thus, again and again, Rodriguez engaged in brutal violence in connection with his membership in 18 Park. The fact that he had killed another person did not cause him to rethink or abate his commitment to violence.

Separately, a substantial term of incarceration is necessary to deter the defendant from committing additional acts of violence and to protect the public from him for a significant period of time. Rodriguez repeatedly engaged in criminal conduct as the leader of 18 Park, including a murder, a stabbing, a shooting, and drug dealing. A substantial sentence is therefore necessary to

deter Rodriguez and prevent him from resuming his dangerous behavior, until an age when the likelihood of his involvement in violent crimes is significantly reduced.

## CONCLUSION

For these reasons, the Government respectfully submits that the Stipulated Guidelines Sentence is warranted.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By:    /s/
      Jorden Estes
      Max Nicholas
      Assistant United States Attorneys
      (212) 637-2543/1565

cc: Joyce London, Esq.