

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

July 23, 2018

**BY ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:  <u>United States</u> v. <u>Jonathan Rodriguez</u>, S12 15 Cr. 445 (PAE)

Dear Judge Engelmayer:

      The Government respectfully writes in response to the Court's Order dated July 23, 2018 in connection with the above-captioned case. The Court directed the Government to address two issues in advance of the sentencing of Jonathan Rodriguez, which is scheduled to occur on July 25, 2018. Rodriguez was charged in Information S12 15 Cr. 445 (PAE) with (1) during and in relation to a crime of violence, namely, the murder of Brandon Howard, which murder was committed for the purpose of maintaining Rodriguez's position in the racketeering enterprise 18 Park, knowingly using and carrying a firearm, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), and (2) during and in relation to a crime of violence, namely, his participation in 18 Park, and during and in relation to a drug trafficking crime, knowingly using and carrying firearms, which were brandished and discharged, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii). Rodriguez has pleaded guilty to both counts in the Information, and he faces a mandatory minimum sentence of 30 years' imprisonment on these charges, which is also the sentence called for by the United States Sentencing Guidelines.

      The first issue raised by the Court is whether the sentence imposed in this case must or should take into account the time that Rodriguez spent in custody on New York State charges for the Brandon Howard murder, and if so, how much time is to be credited, and whether the proper means of doing so would be to impose a sentence that is correspondingly below the mandatory minimum sentence on Count One. Defense counsel argues in its sentencing submission that a downward departure for the 41 months that Rodriguez served on the state charges should be given from the mandatory minimum sentence of 30 years' imprisonment that he faces here.

      The Government respectfully submits that as a legal matter, the downward departure that defense counsel seeks is not applicable to the charges to which Rodriguez pleaded guilty. Section 924(c) expressly states that, "[n]otwithstanding any other provision of law … no term of imprisonment imposed on a person under this subsection shall run concurrently with any other

The Honorable Paul A. Engelmayer
July 23, 2018
Page 2

term of imprisonment imposed on the person." 18 U.S.C. § 924(c)(1)(D)(ii). Because Section 924(c) specifically requires that a term of imprisonment imposed under that section be *consecutive* to any other term of imprisonment imposed, time served in jail in a different case, even if that case involved relevant conduct with respect to the instant charges, cannot be credited against the mandatory minimum required by Section 924(c). *See, e.g. United States v. Gonzales*, 520 U.S. 1, 11 (1997) ("In sum, we hold that the plain language of 18 U.S.C. § 924(c) forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal.").

Defense counsel points the Court to *United States* v. *Rivers*, 329 F.3d 119 (2d Cir. 2003) as an example of a case where time served in a state case was credited against the mandatory minimum term of a federal statute. However, in that case the federal mandatory minimum term derived from 21 U.S.C. § 846, which does not contain the requirement of § 924(c) that any sentence imposed be consecutive to any other term of imprisonment. Indeed, *Rivers* explicitly distinguished Section 846 from Section 924(c) in this context. *See id.* at 122 (finding that "when Congress intended that the statutory mandatory minimums not be affected by the requirements of concurrent sentencing, it made its intent quite clear" (quoting *United States* v. *Drake*, 49 F.3d 1438, 1441 n.5 (9th Cir. 1995) (citing 18 U.S.C. § 924(c)(1)(D)(ii)))). The court in *Rivers* also noted that "the adjustments under U.S.S.G. §5G1.3(b) are 'derivative' of the concurrent sentencing scheme," *id.* at 123; the concurrent sentencing scheme does not apply to the charges to which Rodriguez pleaded guilty. *Cf. United States v. Lucas*, 745 F.3d 626, 631 (2d Cir. 2014) (court not authorized to run a term of imprisonment imposed under § 924(c) concurrently with a discharged term of imprisonment on related charges); *United States v. Tucker*, 2017 WL 2955777, at *1 (S.D.N.Y. July 11, 2017 (AJN) (noting that Section 924 "abrogate[s]" U.S.S.G. § 5G1.3(b)).

In sum, the downward departure that Rodriguez requests is not applicable to the charges to which he pleaded guilty, and therefore the time that he served in state custody cannot be credited against the mandatory minimum term of 30 years' imprisonment, which is also the Guidelines term in this case. The Government's position on this issue is consistent with its representation in the plea agreement that it would not object to a downward departure under U.S.S.G. §§ 5G1.3 and/or 5K2.23 "to the extent [those Guideline provisions are] applicable." The Government does not believe that those departure provisions are applicable under the law to the charges in the Information. In the event that the Court reaches a contrary conclusion on the legal applicability of the departure provisions, however, then consistent with its representation in the plea agreement, that Government would not object to Rodriguez receiving a sentence of 19 months' imprisonment on Count One, thus giving him 41 months of credit.

Second, in its Order the Court directed the Government to briefly summarize the history of Rodriguez's prosecution, and sentence, in his case in the Northern District of New York. On December 2, 2015, Rodriguez was charged in the Northern District of New York with conspiring to distribute 100 grams and more of heroin, in violation of 21 U.S.C. § 841(b)(1)(B), and a quantity of cocaine, in violation of 21 U.S.C. § 841(b)(1)(C). Rodriguez pleaded guilty to that charge on

3.31.08

The Honorable Paul A. Engelmayer
July 23, 2018
Page 3

September 28, 2017.  In connection with his plea, Rodriguez admitted to running a drug trafficking organization which transported heroin and cocaine from New York City to Massena, New York. On February 2, 2018, Rodriguez was sentenced on this charge to a term of 60 months' imprisonment, to be followed by a term of four years' supervised release.  It is the Government's understanding that the timing of Rodriguez's case in the Northern District of New York was, in part, coordinated to track the timing of his case in this Court.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney

By:    /s/
    Max Nicholas
    (212) 637-1565

cc: Counsel for Jonathan Rodriguez (by ECF)

3.31.08