UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JONATHAN RODRIGUEZ,

                              Petitioner,            20 Civ. 5751 (PAE)

                    -v-

UNITED STATES OF AMERICA,                        15 Cr. 445-2 (PAE)

                                                     ORDER

                              Respondent.

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

       The Court has reviewed the *pro se* petition of Jonathan Rodriguez for relief pursuant to 28 U.S.C. § 2255, *see* Dkt. 1 in 20 Civ. 5751; Dkt. 1118 in 15 Cr. 445; Rodriguez's subsequent filing, *see* Dkt. 2 in 20 Civ. 5751; and the Government's opposition, *see* Dkt. 8 in 20 Civ. 5751; Dkt. 1126 in 15 Cr. 445. For the following reasons, the Court denies Rodriguez's petition.[1]

       1.       On December 9, 2015, Rodriguez was indicted, along with 25 others, in connection with his participation in the violent 18 Park gang, the members of which committed crimes including murder, attempted murder, robbery, and narcotics distribution in and around the Patterson Housing projects in the Bronx, New York. On August 10, 2017, Rodriguez pled guilty, pursuant to a plea agreement, to a two-count Information. Count One charged Rodriguez with knowingly using and carrying a firearm during and in relation to a crime of violence—specifically, the murder of Brandon Howard in aid of racketeering, in which Rodriguez was the shooter—in violation of 18 U.S.C. § 924(c)(1)(A)(i). Count Two charged Rodriguez with knowingly using and carrying firearms, which were discharged, during and in relation to a crime of violence, namely, his participation in a racketeering enterprise called "18 Park," and during

---

[1] Ensuing citations are all to the docket of Rodriguez's criminal case.

and in relation to a conspiracy to distribute narcotics, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), and (iii), and 924(c)(1)(C)(i), and 2.

On July 25, 2018, Rodriguez was sentenced to a total term of 360 months' imprisonment for these two charges. This sentence was to run consecutively to a separate, five-year term of imprisonment, previously imposed by the U.S. District Court for the Northern District of New York, wherein Rodriguez pled guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).

2. The offenses to which Rodriguez pled guilty before this Court each carried a mandatory minimum sentence—a five-year term of imprisonment on Count One and a 25-year term of imprisonment on Count Two, which were required to run consecutive to each other. Rodriguez's plea agreement therefore recognized that he faced a mandatory sentence of at least 30 years' imprisonment. *See* Dkt 821 ("Plea Tr.") at 19. On July 25, 2018, the Court imposed a 30-year sentence. *See* Dkt. 936 (judgment); Dkt. 950 ("Sent. Tr.") at 29, 37–38. At sentencing, the Court explained at length why, in light of the 18 U.S.C. § 3553(a) factors, such a sentence was justified and reasonable.

3. In his § 2255 petition, Rodriguez raises two grounds for vacatur of his § 924(c) conviction in Count Two. For the reasons more fully set out in the Government's opposition, which the Court here incorporates by reference, neither are meritorious.

a. First, Rodriguez suggests that his conviction on Count Two is void under *United States v. Davis*, 139 S. Ct. 2319 (2019), and/or *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019). That is wrong. These cases held void for vagueness the residual clause definition of "crime of violence" as used within various firearms statutes. *Davis*, for example, found the residual clause in 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague. After *Davis*, for

2

purposes of § 924(c), a "crime of violence" is limited to offenses that contain, as an element, the "use of force." Rodriguez argues that the racketeering conspiracy—to which his § 924(c) conviction on Count Two applies—is not such an offense. Rodriguez's major premise is correct that, under *Davis*, a racketeering conspiracy, defined by its elements, is not inherently a "crime of violence." The predicate offenses to which the participants in a racketeering conspiracy may engage may encompass, for example, fraud offenses, which do not have the "use of force" as an element. But Rodriguez's conclusion that his conviction on Count Two must be vacated under *Davis* is wrong. That is because Rodriguez's firearms possession as charged in Count Two was tied *both* to a racketeering conspiracy *and* a narcotics conspiracy, each among members of 18 Park. And § 924(c) applies to firearms possession in connection with either a "crime of violence *or* a drug trafficking crime." 18 U.S.C. § 924(c)(1)(A) (emphasis added). The latter means of violating § 924(c) is unaffected by *Davis*, which limits only the scope of the first of these terms, "crime of violence." *See United States v. Vasquez*, 672 F. App'x 56 (2d Cir. 2016) (upholding § 924(c) conviction based on both a narcotics conspiracy and a Hobbs Act conspiracy, while assuming arguendo that the latter conspiracy did not constitute a crime of violence). And at his guilty plea proceeding, Rodriguez explicitly confirmed that he used firearms in connection with his participation in the narcotics conspiracy. Plea Tr. at 33 ("At various times between May 2012 and 2015 in the Bronx I possessed a firearm which I brandished and discharged in connection with assaults that were in furtherance of my membership in 18 Park in connection with the distribution of heroin, cocaine, cocaine base and marijuana with other 18 Park members."). As the Government correctly notes, this Court recently upheld the § 924(c) conviction of Rodriguez's co-defendant, Marquis Wright, on precisely the same grounds. *See* Dkt. 1064. Therefore, *Davis* does not support Rodriguez's petition.

b.  Second, Rodriguez challenges his conviction as unlawful in light of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  The First Step Act reduces, in some circumstances, the mandatory length of the sentence imposed for a second, or stacked, conviction under § 924(c).  *See* First Step Act of 2018 § 403(a).  That Act, however, was enacted on December 21, 2018, nearly five months after Rodriguez was sentenced.  And it is not retroactive to offenses that were final at time of the act's enactment.  *See id.* § 403(b) (section only applies offenses "committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."); *see also, e.g.*, *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019); *United States v. Key*, No. 12 Cr. 712 (SHS), 2019 WL 2314693, at *5 n.5 (S.D.N.Y. May 31, 2019).  In any event, even if the statute permitted a lesser sentence for these violations, the Court at sentencing stated that it would have imposed the same sentence as an application of the § 3553(a) factors.  The First Step Act therefore would not have availed Rodriguez even had it applied at the time of his sentencing.

3.  Rodriguez's submission does not make any other coherent claim for relief. Nevertheless, in the course of reviewing Rodriguez's petition, the Court has considered the overall record of his case, including the record of his plea proceeding and sentencing.  The Court has not found any infirmity in any proceedings in Rodriguez's case or any deficiency, let alone a prejudicial one, in Rodriguez's counsel's representation.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 1118 and to close case 20 Civ. 5751.

The Court declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

                                                            *Paul A. Engelmayer*
                                                          PAUL A. ENGELMAYER
                                                          United States District Judge

Dated: August 18, 2020
          New York, New York